# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KEVIN GARCIA, #446998, SID#3471142     *

Plaintiff     *

v     *     Civil Action No. RDB-16-674

GANG TASK FORCE,     *
CORPORAL HAGEL,
OFFICER KISSINGER,     *
DETECTIVE EDWIN PAULEY,
    *

Defendants

\*\*\*

## MEMORANDUM OPINION

On March 7, 2016, Kevin Garcia filed this *pro se* Complaint filed pursuant to 42 U.S.C. §1983. (ECF 1). Maryland State Police Corporal Richard Lee Hagel and PFC Kissinger have filed separate motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF 12, 18). Detective Edwin Pauley has filed a Motion to Dismiss pursuant to Rule 12(b)(6), or in the Alternative, Motion for a More Definite Statement pursuant to Rule 12(e). (ECF No. 14). Garcia filed a Reply to Pauley and Hagel's dispositive motions. (ECF 16). For reasons to follow, Defendants Hagel and Kissinger's Motions to Dismiss (ECF 12, 18) will be GRANTED. Detective Pauley's Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement (ECF No. 14), treated as a Motion for a More Definite Statement, IS GRANTED. Garcia SHALL FILE more definite statement of his claims against Detective Pauley on or before June 9, 2017.

## BACKGROUND

This Court accepts as true the facts alleged in the Complaint. *See Asiz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). This Court also recognizes that Plaintiff is *pro se* and accords

his pleadings liberal construction. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Garcia alleges that on November 17, 2015, he was walking to Germania Circle.[1] He saw a navy blue jeep with a tinted window, but paid no further attention to it. Garcia stopped at a friend's house to ask for a ride. (ECF 1 at p. 4). The friend was unable to offer Garcia a ride, so Garcia walked on a path toward First Street where a blue jeep cut him off. Garcia claims he was scared because he could not see who it was and began to run. *Id.* He also alleges the vehicle was an unmarked car. Garcia alleges that as he ran "they" jumped out and chased him. *Id.* Garcia asserts that he heard them say on their walkie-talkies that he was coming down First Street and turning on to West Main Street. Garcia says he saw a navy blue jeep driving fast up West Main Street and that did not slow down as it turned. Garcia says as vehicle turned toward him on First Street, he became scared, stopped running, and put his hands up. Garcia claims he was struck by the vehicle on West Main Street and flew six to ten feet in the air and injured his leg, elbow, and ankle. Garcia was placed in handcuffs and arrested. *Id.* Garcia claims "they said I should of [sic] never ran and they try to lie and say it was a padestrian [sic] that hit me." (ECF No. 16-1).

Garcia was reported as possessing a handgun and distributing drugs. Garcia alleges that the "people involved" were Gang Task Force Officer Hagel and Officer Kissinger. *Id.* Garcia subsequently amended the Complaint to allege that Detective Edward Pauley "was the one that hit me with the car." (ECF 7). Garcia requests $20,000 in damages for his mental and physical injuries, dismissal of Criminal Case No. 1H00079731, (Dt. Ct. of Maryland for Wicomico County)[2] and "no contact" with Hagel or Kissinger because he is in "fear" for his life." (ECF 1,

---

[1] Garcia does not further identify his location. Counsel for Hegel indicates that in view of the criminal case filed in Wicomico County, Garcia seems to be referring to streets in Salisbury Maryland. *See* ECF No. 12-2 at n. 3.

[2] This case was closed on December 30, 2015, when it was forwarded to the Circuit Court for Wicomico County.http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=3H00078683&loc=8&detailLoc=O DYCRIM.

2

16).

On April 13, 2016, Garcia entered an *Alford* plea[3] to possession of a firearm by a felon and was sentenced to five years of incarceration based on the November 17, 2015 incident in Criminal Case No. 22-K-15-000730 (Cir. Ct. of Md. for Wicomico County). *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=22K15000730&loc=4&detailLoc=ODYCRIM; *see also* ECF 14-1.

## STANDARD OF REVIEW

I. **MOTION FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(B)(6)**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's rulings in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4thCir. 2012) (citation omitted). *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of

---

[3] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of pro se litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010).

Even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679 (recognizing no pro se exception to the requirement to plead a "plausible claim for relief"). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim. It need only allege facts sufficient to state elements *of the claim*." (emphasis in original) (internal quotation marks and citation omitted)). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. Finally, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Social Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert denied*, 475 U.S. 1088 (1986)).

## II. MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleader to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Pleading requirements are intended to ensure that an opposing party receives fair notice of the factual basis for an assertion contained in a claim or defense. *Twombly*, 550 U.S. at 545. When a party has not complied with the requirements of Rule 8, the opposing party may file a Motion for a More Definite Statement under Rule 12(e). Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."). In the context of self-represented litigants, the pleadings are "liberally construed" and held to less stringent standards. *Erickson*, 551 U.S. at 94.

## DISCUSSION

As a preliminary matter, service has not been obtained on defendant "Gang Task Force." Or the Gang Enforcement Unit. The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." Fed.R.Civ.P. 17(b); *see also Maltby v. Winston*, 36 F.3d 548, 560 n. 14 (7th Cir.1994). Maryland courts have found that a local government narcotics task force had no separate legal entity to be subject to suit. *See Bourexis v. Carroll County Narcotics Task Force*, 96 Md. App. 459, 468, 625 A.2d 391 (1994). As Hagel's counsel notes, the Gang Enforcement Unit is not an entity with a legal existence; rather, it is an investigative unit in a law enforcement agency. (ECF 12-2 at n. 4). As there is no evidence to show that the Gang Task Force is an entity amenable to suit, the claims against it will be dismissed.

I. **Claims Against Corporal Hagel**

In order to state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, 42 U.S.C. §1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). Here, the Complaint does not allege abridgement of a constitutional right or a federal law, and fails to state a cognizable claim for relief under 42 U.S.C. §1983 against Hagel.

Garcia avers that he was injured by a navy blue jeep driven by Detective Pauley. Garcia does not allege Hagel was driving the vehicle which hit him and otherwise raises no claim of constitutional violation. The Complaint generally alleges that Hagel was involved in the incident. Even assuming Hagel was involved in the chase, Garcia's vague and conclusory assertions do not suggest Hagel's actions were made to effectuate an unconstitutional seizure or otherwise amounted to a constitutional violation. As Garcia fails to state a constitutional claim against Hagel, this Court will grant Hagel's Motion to Dismiss.

Further, even if Garcia had alleged a constitutional infringement based on Hagel's role in his arrest, to recover damages for an alleged unconstitutional conviction an inmate proceeding under 42 U.S.C. § 1983, the inmate must prove his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into questions by the issuance of a federal writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages based on a conviction or sentence that has not been so invalidated

is not cognizable under § 1983. As noted, Garcia entered an *Alford* plea to firearm possession by a felon on April 13, 2016, based on the incident. There is no evidence that conviction has been overturned, expunged or otherwise called into question.

## II.    Claims against PFC Kissinger

Similarly, Garcia does not claim that Kissinger was driving the vehicle that struck him or that he violated a federal law or constitutional claim by virtue of his unspecified involvement in the November 17, 2015 incident. Consequently, Kissinger's Motion to Dismiss will be granted.

## III.    Claims Against Detective Edwin Pauley

Garcia claims that Pauley was driving the vehicle that hit him. (ECF No. 7). Garcia credits his attorney with providing him this information, although he provides no further explanation. *Id.*

Pauley moves to dismiss the Complaint for failure to state a claim upon which relief may be granted and lack of jurisdiction, or alternatively, moves for a more definite statement pursuant to Rule 12(e). ECF No. 14.

In this case, Garcia could be attempting to allege claims under federal law, although the few facts he alleges here are insufficient to state a Fourth Amendment or other constitutional claim, much less provide sufficient information for Pauley to frame an answer. To the extent Garcia seeks damages based on negligent or reckless driving, these are state tort claims over which this Court will not exercise supplemental jurisdiction, absent a federal claim. This Court recognizes that Garcia is a self-represented litigant whose his filings must be accorded liberal construction, *Gordon*, 574 F.2d at 1151; *Erickson*, 551 U.S. at 89. Accordingly, Pauley's Motion for a More Definite Statement will be granted. Garcia will have twenty-eight days to provide a more definite statement of his claims, to include what federal laws or constitutional

provisions, if any, he is alleging were violated by Pauley and to provide supporting facts. Garcia may also submit documents to support his assertion that Pauley drove the vehicle that hit him and whether he believes the alleged collision was deliberate or accidental and why. Garcia may include any other information he believes supports his position. Garcia is cautioned that if his statement is untimely filed or determined by this Court as insufficient to support a federal or constitutional claim, the claims against Pauley will be dismissed without additional notice.

## CONCLUSION

For these reasons, this Court will GRANT Hagel and Kissinger's Motions to Dismiss.[4] The Court will DISMISS the Gang Task Force and will GRANT Pauley's Motion for a More Definite Statement. A separate Order follows.

May 9, 2017

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[4] Having determined no constitutional claim is stated, this Court does not reach Defendants' qualified immunity defense. (ECF No. 12, 14, 18).

8