# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KEVIN GARCIA, #446998, SID#3471142,   *

Plaintiff   *

v   *   Civil Action No. RDB-16-674

DETECTIVE EDWIN PAULEY,   *

Defendant   *

\*\*\*

## MEMORANDUM OPINION

Pending are self-represented Plaintiff Kevin Garcia's correspondence filed in response to this Court's Order to file a more definite statement of his claims and Defendant Edwin Pauley's Renewed Motion to Dismiss for Failure to State a Claim and Supporting Memorandum. (ECF Nos. 24, 25). Garcia was provided the opportunity to file a Reply, but has not done so. (ECF No. 26). For reasons to follow, this Court WILL GRANT Pauley's Motion to Dismiss for Failure to State a Claim (ECF No. 25) and DISMISS WITH PREJUDICE Garcia's claims against Pauley.

## BACKGROUND

Self-represented plaintiff Kevin Garcia filed suit against Detective Edwin Pauley and three other Defendants, the Gang Task Force, Corporal Hagel, and PFC Kissinger, claiming he was hit by a vehicle incident to his arrest on November 17, 2015.[1] Garcia claims in correspondence filed after he submitted the Complaint that his attorney said Pauley was driving

---

[1] On April 13, 2016, Garcia entered an *Alford* plea to firearms possession with a felony history in the Circuit Court for Wicomico County (Case #22-K-15-000730). He is serving a five year sentence in state prison. (ECF Nos. 12-2 n. 1; 25 at 2).

the vehicle that hit him. (ECF No. 7). Garcia, however, provided no additional details. *Id.*[2] Garcia requests monetary damages and injunctive relief. (ECF No. 1). The facts Garcia alleged are summarized in this Court's Memorandum Opinion filed on May 9, 2017, which is incorporated herein by reference. (ECF No. 20).

On May 9, 2017, this Court granted dismissed the Gang Task Force, and granted Hagel and Kissinger's Motion to Dismiss. (ECF No. 21). Court granted Defendant Detective Edwin Pauley's Motion for a More Definite Statement (ECF No. 21), and granted Garcia until June 9, 2017, to file a more definite statement of his claims against Pauley, to include what federal laws or constitutional provisions, if any, he alleged were violated by Pauley and to provide supporting facts. *Id.*

In granting the Motion for a More Definite Statement, this Court, mindful of Garcia's pro se status, noted that he might be attempting to allege claims under federal law, although the threadbare allegations presented were insufficient to state a Fourth Amendment or other constitutional claim, much less provide sufficient information for Pauley to frame an answer. On June 9, 2017, this Court granted Garcia's request for an Extension of Time to File a More Definite Statement. (ECF No. 23).

On July 5, 2017, Garcia submitted one handwritten paragraph, accompanied by an exhibit, composed of a copy of a Maryland State Police Report ("Police Report") and a Maryland State Police Gang Enforcement Unit Debriefing Form ("Debriefing Form") of the incident, which appears to represent his efforts to provide a more definite statement of his claims against Pauley. ECF No. 24, 24-1. Portions of Garcia's handwritten correspondence are unintelligible. ECF No. 24.

---

[2] This is Garcia's second case based on the November 17, 2015 incident. Garcia's first case, *Garcia v. Gang Task Force, et al.,* RDB-16-248 (D. Md. 2016) was dismissed without prejudice on February 26, 2016, for failure to state a claim.

## STANDARD OF REVIEW

Pleading requirements are intended to ensure that an opposing party receives fair notice of the factual basis for an assertion contained in a claim or defense. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleader to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's rulings in *Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal,* 556 U.S. at 678. While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id*. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). In the context of pro se litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (citation omitted); *accord Brown v. N.C. Dept. of Corr.,* 612 F.3d 720, 724 (4th Cir. 2010).

Even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal,* 556 U.S. at 679 (recognizing no pro se exception to the requirement to plead a

"plausible claim for relief"). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.,* 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or forecast evidence sufficient to prove an element of the claim. It need only allege facts sufficient to state elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted)).

## DISCUSSION

Garcia's one paragraph correspondence is unresponsive to this Court's Order. Garcia fails to identify what federal laws or constitutional provisions were allegedly violated by Pauley. Garcia states in his correspondence that he "circled" the Debriefing Report where it said that "I ran into the covert police car correct, and on my report they say I ran into a moving vehicle." ECF No. 24. Garcia alleges "they were trying to keep Edwin Pauley hiding from me." *Id.* Garcia adds, "They [3] kept him covert, as he saw me he never tried to hit the breaks [sic]." *Id.* He adds "[I]f I ran into the vehicle how did I have time to guard my face with my hand. Also I have scars in [sic] my hand from hitting the windshield." *Id.*

The Police Report states that Garcia was under police surveillance on suspicion of possession of a handgun and drugs. Garcia observed the officers, started to flee, and ran into a moving vehicle. Garcia sustained injuries as a result of striking the vehicle and was observed lying on the ground. ECF No. 24-1. The Debriefing Report reads: "The subject ran directly into

---

[3] "They" are not identified by Garcia.

the path of responding covert police vehicle that was turning from West Main Street on to First Street." ECF No. 24-1. Garcia circled the words "covert police vehicle" in the report. *Id*. at 4. The Debriefing Form notes that Garcia suffered minor injuries, was arrested, and a .22 caliber handgun with 9 rounds of ammunition were discovered. *Id.*

This Court cannot construct Garcia's legal arguments for him. Garcia's conclusory statements are insufficient to support a claim of intentional deprivation of constitution rights or to put Pauley on notice of the alleged wrongdoing. An accidental vehicle collision can never rise to the constitutional levels of intentional "seizure." *See Campbell v. White*, 916 F.2d 421, 423 (7th Cir. 1990). The scant facts alleged here fail to state a claim of constitutional moment. Garcia's unsupported, conclusory cannot survive Pauley's Motion to Dismiss. *See Twombly*, 550 U.S. at 555.

## CONCLUSION

For these reasons, the Court GRANTS Pauley's Renewed Motion To Dismiss For Failure To State A Claim (ECF No. 25) and DISMISSES THIS CASE WITH PREJUDICE. A separate Order follows.


December 12, 2017 _____/s/_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE